210 P.3d 1068 (2009)
STATE of Washington, Respondent,
v.
Cliff Alan JONES, Appellant.
No. 37002-6-II.
Court of Appeals of Washington, Division 2.
July 7, 2009.
*1069 Jeremy Aaron Morris, Kitsap County Prosecutor's Office, Port Orchard, WA, for Respondent.
Roger A. Hunko, Attorney at Law, Tina Robinson, The Law Office of Wecker Hunko & Bougher, Port Orchard, WA, for Appellant.
QUINN-BRINTNALL, J.
¶ 1 Cliff Alan Jones pleaded guilty to first degree child molestation and the trial court sentenced him to 130 months of incarceration and 36 months of community custody. We granted Jones's personal restraint petition (PRP) and remanded for resentencing. See Order Granting Pet., In re Pers. Restraint of Jones, No. 34872-1-II (Jan. 9, 2007). The trial court resentenced Jones to 51 months of incarceration and 36 months of community custody and it credited the 81 months Jones spent incarcerated toward his 51-month prison sentence, but it did not apply the time he spent incarcerated in excess of 51 months toward his community custody term. Jones appeals his sentence, arguing that the trial court was statutorily required to apply the time he spent in prison in excess of 51 months toward his community custody term. Jones also argues that the trial court's refusal to credit time served toward his community custody term violates his right to be free from double jeopardy. Because community custody is that portion of an offender's sentence spent in the community, the trial court did not err when it declined to credit Jones with time served toward his community custody term. We affirm.

FACTS
¶ 2 Jones pleaded guilty to first degree child molestation committed between November 1998 and November 1999. On November 20, 2000, the trial court sentenced Jones to an exceptional sentence of 130 months incarceration and 36 months community custody.[1] Jones filed a PRP, arguing that the trial court erred when it calculated his offender score by considering his prior washed-out juvenile offenses when the law at the time he committed his offenses precluded the trial court from considering them. The State conceded error and, on January 9, 2007, we granted Jones's petition and remanded for resentencing.
¶ 3 On April 30, 2007, the trial court amended Jones's original judgment and sentence to reflect an offender score of zero and resentenced Jones to 51 months of incarceration and 36 months of community custody. By this time, Jones had already served 81 months in incarceration. The trial court credited Jones with time served toward his 51-month incarceration term and ordered his release. But the trial court did not credit the time Jones served in excess of 51 months toward his 36-month community custody term.
¶ 4 On September 21, 2007, Jones filed a CrR 7.8(b)(4) motion for relief from judgment, arguing that the judgment was invalid because his prison term, when added to his community custody term, exceeded the statutory maximum penalty for the offense. On October 18, 2007, Jones filed a second memorandum of authorities, arguing that the trial court should credit time he spent incarcerated in excess of 51 months toward his 36-month community custody term. The State asserted that Jones's sentence did not exceed the statutory maximum because, pursuant to RCW 9A.44.083 and former RCW 9A.20.021 (1982), the statutory maximum for Jones's offense, a Class A felony, was life in prison. The State also argued that the trial court did not have authority to credit Jones with time served in incarceration toward his community custody term under the plain language of former RCW 9.94A.170(3) (1993).[2]
*1070 ¶ 5 At an October 19, 2007 hearing on the CrR 7.8(b)(4) motion, the trial court made an oral ruling denying Jones's request for relief from judgment. On November 2, 2007, the trial court issued its findings of fact and conclusions of law. The trial court found that Jones's judgment and sentence were valid because the statutory maximum for Jones's offense was life in prison. The trial court also found that a community custody term is distinguishable from a prison term because it serves a unique purpose, particularly in regard to sex offenses. Additionally, the trial court determined that it had no statutory authority to credit Jones with time served in excess of 51 months toward his community custody term because, under the plain language of former RCW 9.94A.170(3),[3] "`[a]ny period of community custody, community placement, or community supervision shall be tolled during any period of time the offender is in confinement for any reason' (Emphasis added)." Clerk's Papers (CP) at 45. Jones timely appeals the trial court's denial of his CrR 7.8 motion for relief from judgment.

ANALYSIS
¶ 6 Jones argues that, under former RCW 9.94A.120(16) (1997),[4] the trial court was required to credit prison time served in excess of that ordered toward his community custody term.[5] The State concedes that Jones was incarcerated beyond his standard range sentence of 51 months but argues that, under the plain language of former RCW 9.94A.170(3), Jones's community custody term was tolled while he was incarcerated. Thus, the central issue underlying this appeal is whether Jones's community custody term began at the completion of his 51-month incarceration term or whether it was tolled until he was actually released into the community.
¶ 7 We review issues of statutory interpretation de novo. State v. Alvarado, 164 Wash.2d 556, 561, 192 P.3d 345 (2008). Our purpose when interpreting a statute is to determine and enforce the intent of the legislature. Alvarado, 164 Wash.2d at 561-62, 192 P.3d 345. Where the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent. Alvarado, 164 Wash.2d at 562, 192 P.3d 345. In discerning the plain meaning of a provision, we consider the entire statute in which the provision is found, as well as related statutes or other provisions in the same act that disclose legislative intent. Alvarado, 164 Wash.2d at 562, 192 P.3d 345.
¶ 8 Former RCW 9.94A.170(3) states:
Any period of supervision shall be tolled during any period of time the offender is in confinement for any reason. However, if an offender is detained pursuant to RCW 9.94A.207 or 9.94A.195 and is later found not to have violated a condition or requirement of supervision, time spent in confinement due to such detention shall not toll to [the] period of supervision.
¶ 9 Division Three of this court recently addressed whether former RCW 9.94A.170(3)[6] prohibited a trial court from crediting time spent incarcerated in excess of that ordered toward the offender's community custody term. In re Pers. Restraint of Knippling, 144 Wash.App. 639, 183 P.3d 365 (2008). Like Jones, Knippling similarly challenged the trial court's refusal to credit time served in incarceration toward his community custody term following resentencing that placed Knippling in confinement for 24 months beyond his sentence. In re Knippling 144 Wash.App. at 641-42, 183 P.3d 365. The Knippling court found that the plain *1071 language of former RCW 9.94A.170(3) was not controlling because it must be read in the context of the entire sentencing scheme. 144 Wash.App. at 642, 183 P.3d 365. The Knippling court then looked to RCW 9.94A.715(1) to determine when an offender's community custody term begins. 144 Wash.App. at 642, 183 P.3d 365. RCW 9.94A.715(1)[7] states in part that "community custody shall begin ... [u]pon completion of the term of confinement." The Knippling court relied on the statute's use of the term "completion" rather than "release" and held that Knippling's community custody term began when he completed his term of confinement, 24 months before he was actually released into the community. 144 Wash.App. at 642 n. 3, 183 P.3d 365.
¶ 10 The State asks that we reject Division Three's interpretation of the sentencing statutes and instead adopt the reasoning of the dissent in Knippling, which found that the "for any reason" language in former RCW 9.94A.170(3) applied to time incarcerated in excess of that ordered and, thus, an offender's community custody term is tolled until he is actually released into the community. 144 Wash.App. at 643-44, 183 P.3d 365 (Sweeney, J., dissenting). The dissent also relied on RCW 9.94A.030(5), defining "community custody" as "`that portion of an offender's sentence ... served in the community subject to controls placed on the offender's movement and activities by the department.'" Knippling, 144 Wash.App. at 643, 183 P.3d 365 (Sweeney, J., dissenting) (alterations in original) (quoting RCW 9.94A.030(5)). The State also points us to former RCW 9.94A.120(10)(a) and (c)[8] to distinguish the facts here from Knippling. We agree with the State and decline to follow the majority opinion in Knippling.
¶ 11 The Knippling court's conclusion that an offender's community custody term may begin before the offender is released into the community conflicts with the statute's definition of "community custody." Former RCW 9.94A.030(4) (1997) defines "[c]ommunity custody" as "that portion of an inmate's sentence of confinement ... served in the community subject to controls placed on the inmate's movement and activities by the department of corrections." (Emphasis added.)
¶ 12 The requirement that an offender serve his community custody term "in the community" is consistent with several of the stated purposes of Washington's sentencing statutes, such as "[p]rotect[ing] the public," and "[o]ffer[ing] the offender an opportunity to improve him or herself." Former 9.94A.010(4), (5) (1981). Requiring an offender, particularly a sex offender, to serve his community custody term "in the community" serves the purposes of helping the offender "improve him[self]" by providing the offender with time and resources necessary to reintegrate into the community, while at the same time "[p]rotect[ing] the public" by subjecting the offender to controls by the Department of Corrections. Former RCW 9.94A.010(4), (5). The legislature has noted the vital role community custody plays in a sex offender's reintegration into the community.
The legislature finds that improving the supervision of convicted sex offenders in the community upon release from incarceration is a substantial public policy goal, in that effective supervision accomplishes *1072 many purposes including protecting the community, supporting crime victims, assisting offenders to change, and providing important information to decision makers.
Laws of 1996, ch. 275, § 1.
¶ 13 Allowing Jones to begin his community custody term before his release into the community would contravene both the plain language of former RCW 9.94A.030(4), which defines "[c]ommunity custody" as "that portion of an inmate's sentence of confinement... served in the community," and the "substantial public policy goal" of "improving the supervision of convicted sex offenders in the community upon release from incarceration." See Laws of 1996, ch. 275, § 1.
¶ 14 We also note that Knippling is inconsistent with our Supreme Court's recognition that "[b]y design, the whole `period' of community custody must be served in the community.... [A]ny time an offender spends in jail does not count toward serving a community custody sentence." In re Pers. Restraint of Dalluge, 162 Wash.2d 814, 815, 177 P.3d 675 (2008).
¶ 15 We respectfully disagree with the majority in Knippling and find that the trial court did not err when it refused to credit Jones's incarceration time in excess of 51 months toward his 36-month community custody term. Accordingly, we affirm.

Double Jeopardy
¶ 16 Next, Jones argues that the trial court's refusal to credit his community custody term with time served in excess of 51 months violates his right to be free from double jeopardy. We disagree.
¶ 17 The United States Constitution provides that a person may not be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. And the Washington State Constitution provides that a person may not be "twice put in jeopardy for the same offense." Wash. Const. art. I, § 9. This provision of the Washington State Constitution provides the same protection against double jeopardy as the Fifth Amendment to the federal constitution. In re Pers. Restraint of Orange, 152 Wash.2d 795, 815, 100 P.3d 291 (2004). One aspect of double jeopardy protects a defendant from being punished multiple times for the same offense. State v. Adel, 136 Wash.2d 629, 632, 965 P.2d 1072 (1998).
¶ 18 Because Jones's double jeopardy claim does not involve the consequences of a prior trial, we merely examine whether the legislature intended to require that Jones serve his mandatory 36-month community custody term in the community notwithstanding the time he spent incarcerated in excess of that authorized by Jones's standard sentencing range. See State v. Nguyen, 134 Wash.App. 863, 868, 142 P.3d 1117 (2006) ("unless the question involves the consequences of a prior trial, double jeopardy analysis is an inquiry into legislative intent."), review denied, 163 Wash.2d 1053, 187 P.3d 752, cert. denied, ___ U.S. ___, 129 S.Ct. 644, 172 L.Ed.2d 626 (2008); State v. Sulayman, 97 Wash.App. 185, 190, 983 P.2d 672 (1999) ("'the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended'") (quoting Jones v. Thomas, 491 U.S. 376, 381, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989)).
¶ 19 Here, former RCW 9.94A.120(10) clearly states the legislature's intent that trial courts sentence convicted sex offenders to a mandatory 36-month community custody term. And, under former RCW 9.94A.170(3), the legislature also stated its intent that an offender's community custody term does not begin until he is released into the community. Accordingly, the sentencing court did not violate Jones's right to be free from double jeopardy, and we affirm.
We concur: HOUGHTON, J, and PENOYAR, A.C.J.
NOTES
[1] We affirmed Jones's sentence in an unpublished opinion. See State v. Jones, noted at 109 Wash.App. 1063, 2001 WL 1660085 (2001). We also dismissed a later PRP Jones filed challenging his exceptional sentence. See Order Dismissing Pet., In re Pers. Restraint of Jones, No. 29487-7-II (Mar. 4, 2003).
[2] Former RCW 9.94A.170(3) has been recodified without substantive change at RCW 9.94A.625(3). This opinion will hereafter refer to former RCW 9.94A.170, the statutory provision in effect at the time Jones committed his offense.
[3] The record cites the renumbered statutory provision RCW 9.94A.625(3).
[4] Former RCW 9.94A.120(16) has been recodified at RCW 9.94A.505(6). This opinion will hereafter refer to former RCW 9.94A.120(16), the statutory provision in effect at the time Jones committed his offense. Former RCW 9.94A.120(16) states: "The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced."
[5] Jones does not reassert his argument below that his sentence was invalid for exceeding the statutory maximum penalty for his offense.
[6] The opinion refers to the renumbered provision RCW 9.94A.625(3).
[7] Identical language is found in former RCW 9.94A.120(10)(a), the provision in effect at the time Jones committed his offense.
[8] The State cites the renumbered provision RCW 9.94A.710(3), but former RCW 9.94A. 120(10) was the provision in effect at the time Jones committed his offense. Former RCW 9.94A.120(10) states in pertinent part:

(a) When a court sentences a person to the custody of the department of corrections for an offense categorized as a sex offense committed on or after June 6, 1996, the court shall, in addition to other terms of the sentence, sentence the offender to community custody for three years.... The community custody shall begin ... upon completion of the term of confinement.
....
(c) At any time prior to the completion of a sex offender's term of community custody, if the court finds that public safety would be enhanced, the court may impose and enforce an order extending any or all of the conditions imposed pursuant to this section for a period up to the maximum allowable sentence for the crime as it is classified in chapter 9A.20 RCW, regardless of the expiration of the offender's term of community custody.