183 P.3d 365 (2008)
In the Matter of the Application for Relief from Personal Restraint of Jordan David KNIPPLING, Petitioner.
No. 25403-8-III.
Court of Appeals of Washington, Division 3.
May 20, 2008.
Janet G. Gemberling, Julia Anne Dooris, Gemberling & Dooris PS, Spokane, WA, for Petitioner.
Mark Erik Lindsey, Spokane County Prosecuting Attorneys, Spokane, WA, for Respondent.
STEPHENS, J.[*]
¶ 1 Jordan Knippling seeks relief from personal restraint imposed following his convictions in Spokane County in 2003 for two counts of second degree assault and for first degree animal cruelty. He asks the court to credit his term of community custody with the extra 24 months' confinement time he served before he was resentenced under Blakely[1] to a standard range sentence. We hold that under RCW 9.94A.715, community custody begins at the completion of the term of confinement, and Mr. Knippling completed his term of confinement 24 months before he was actually released. We therefore grant his petition.

FACTS
¶ 2 In Mr. Knippling's direct appeal of his convictions, this court affirmed the convictions but remanded for resentencing consistent with Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). State v. Knippling, noted at 126 Wash.App. 1045, 2005 WL 767851 (2005), review denied, 156 Wash.2d 1011, 132 P.3d 145 (2006). On remand, the superior court sentenced Mr. Knippling to concurrent standard range sentences, the longest being 17 months. Since he had already served 41 months of the original exceptional sentence, he was released immediately to community custody.

ANALYSIS
¶ 3 Mr. Knippling contends that he should be given credit against his 18 to 36 months of community custody for the extra 24 months he was incarcerated beyond his standard range sentence. The State counters that RCW 9.94A.625(3) disallows such credit. RCW 9.94A.625(3) provides that "[a]ny period of community custody . . . shall be tolled during any period of time the offender is in confinement for any reason." This provision contains only one exception  persons who serve time after they are arrested for an alleged community custody violation are entitled to credit for that time if the alleged violation is ultimately determined in their favor.[2]
¶ 4 RCW 9.94A.625(3) is not controlling here. This statute must be read in the context of the entire sentencing scheme. See State v. Stratton, 130 Wash.App. 760, 764, *367 124 P.3d 660 (2005). Under RCW 9.94A.715(1), "community custody . . . begin[s]: (a) Upon completion of the term of confinement; [or] (b) at such time as the offender is transferred to community custody in lieu of earned release." (Emphasis added.)[3] Mr. Knippling completed his term of confinement 24 months before he was actually released from prison. Under RCW 9.94A.715(1), his community custody thus began 24 months before he was released.
¶ 5 Our interpretation of RCW 9.94A.715(1) is consistent with RCW 9.94A.625(3). The latter statute deals with tolling of the term of community custody after the term of community custody has started. It provides that the community custody term does not run during time in confinement for new crimes or for community custody violations. In contrast, RCW 9.94A.715(1) addresses the point in time at which the term of community custody begins. And, the statute is clear that the term of community custody begins when the offender completes his confinement time.

CONCLUSION
¶ 6 Mr. Knippling completed his term of confinement 24 months before he was actually released, at which time his community custody term commenced. Following his release, Mr. Knippling had only 12 months of his term of community custody to serve. Accordingly, we grant his personal restraint petition.
CONCUR: SCHULTHEIS, C.J.
SWEENEY, J. (dissenting).
¶ 7 First, "`[c]ommunity custody' means that portion of an offender's sentence . . . served in the community subject to controls placed on the offender's movement and activities by the department." RCW 9.94A.030(5) (emphasis added). The term community custody then clearly contemplates time spent in the community. Jordan Knippling was not in the community. He wants community custody credit for the additional time he spent in prison.
¶ 8 Next, and unfortunately for Mr. Knippling, "[a]ny period of community custody . . . shall be tolled during any period of time the offender is in confinement for any reason." RCW 9.94A.625(3) (emphasis added). That means, for me, a period of community custody is not tolled even when a person serves more time than he should for a conviction. The idea expressed by the legislature here is continued control for a period of time after a defendant is released from prison.
¶ 9 Mr. Knippling has not served the time he wants credit for "in the community" because he was "in confinement for any reason." RCW 9.94A.030(5), .625(3). RCW 9.94A.625(3) is controlling. His term of community custody began only when the State released him from confinement into the community. I would therefore deny his personal restraint petition.
NOTES
[*] Justice Debra L. Stephens was a member of the Court of Appeals at the time oral argument was heard on this matter. She is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.
[1] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[2] RCW 9.94A.625(3) reads: "[a]ny period of community custody . . . shall be tolled during any period of time the offender is in confinement for any reason. However, if an offender is detained pursuant to RCW 9.94A.740 or 9.94A.631 and is later found not to have violated a condition or requirement of community custody, community placement, or community supervision, time spent in confinement due to such detention shall not toll the period of community custody." (Emphasis added.)
[3] The statute's focus on completion of the term of confinement rather than release from confinement distinguishes it from the federal sentencing provision at issue in United States v. Johnson, 529 U.S. 53, 57, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (holding use of term "release" in Sec. 3624(e) of Title 18 "suggests a strict temporal interpretation" based on the date of actual release). The ordinary meaning of "completion" is different from the ordinary meaning of "release" because an offender can complete a term of confinement without being released.