IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 67173-1-I |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ESMOND HOLMES, | ) | |
| aka WILLIAM HENRY SAFFO, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| WASHINGTON STATE | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | FILED: July 1, 2013 |
| Appellant. | ) | |

VERELLEN, J. —The Washington State Department of Corrections (DOC)

appeared in Esmond Holmes' case to oppose his CrR 7.8(b) motion for relief from

judgment. The court determined the DOC had violated the ex post facto clause by

terminating Holmes' early release under former RCW 9.94A.737(2) (2007) and returning

him to confinement for the remainder of his sentence. Consistent with In re Personal

Restraint of Flint,[1] we reverse the superior court and hold no ex post facto violation

occurred. The court also determined that the time Holmes spent in confinement for his

community custody violations should be credited toward his outstanding community

_____

[1] 174 Wn.2d 539, 551-52, 277 P.3d 657 (2012).

custody obligation. Consistent with State v. Jones,[2] we reverse the superior court and hold Holmes' community custody obligation should have been tolled.

The DOC also contends the superior court lacked subject matter jurisdiction and personal jurisdiction to award relief against it, as it was not a party to the criminal cause. The superior court has subject matter jurisdiction to hear a CrR 7.8 motion. The DOC waived its right to challenge personal jurisdiction by appearing voluntarily in the case and opposing Holmes' CrR 7.8 motion on the merits.

We reverse and remand to the superior court to determine Holmes' remaining community custody obligation.

## BACKGROUND

In 2003, Esmond Holmes pleaded guilty to second degree robbery, and the superior court imposed a sentence of 63 months of confinement, followed by 18 to 36 months of community custody. The DOC later modified the community custody term to 18 months. Holmes earned "good time" credits and was released early from prison to community custody on November 1, 2006. Holmes then violated the terms of his community custody multiple times in May, July, August, October and November of 2007. At Holmes' sixth administrative hearing on December 13, 2007, the hearing officer terminated his early release as authorized by former RCW 9.94A.737(2) (the 2007 statute).[3] The hearing officer applied the 2007 statute, returning Holmes to confinement to serve the remainder of his prison term (438 days of earned early release).

---

[2] 172 Wn.2d 236, 245-49, 257 P.3d 616 (2011).

[3] LAWS OF 2007, ch. 483, § 305. The legislature has since revised the statute. LAWS OF 2008, ch. 231, § 20.

The 2007 statute provided that, upon a third violation of community custody conditions, an offender be returned to prison to serve the remainder of the sentence in total confinement.[4] Under the terms of the 2007 statute, Holmes served the remaining 438 days for his 2003 conviction and was released to community custody on February 14, 2009.

Before completing the community custody term for his 2003 felony, Holmes committed another felony and received a new sentence. He returned to prison in April 2010. The DOC tolled the remaining community custody from the 2003 felony.

After Holmes returned to prison in April 2010, he filed a CrR 7.8(b) motion pro se, seeking relief from the DOC's decision to terminate his early release under the 2007 statute. He argued the 2007 statute violated the ex post facto clause. Holmes requested the court to credit the sanction time (438 days) toward his outstanding community custody term from the 2003 felony.

The superior court granted Holmes' motion for appointment of counsel, and counsel filed a CrR 7.8 motion setting forth similar grounds for relief. After argument by counsel, the court determined the DOC's decision to terminate early release under the 2007 statute violated the ex post facto clause.[5] The court then ordered the DOC to

---

[4] The 2007 statute read, "If an offender has not completed his or her maximum term of total confinement and is subject to a third violation hearing for any violation of community custody and is found to have committed the violation, the department shall return the offender to total confinement in a state correctional facility to serve up to the remaining portion of his or her sentence, unless it is determined that returning the offender to a state correctional facility would substantially interfere with the offender's ability to maintain necessary community supports or to participate in necessary treatment or programming and would substantially increase the offender's likelihood of reoffending."

[5] The DOC asked the superior court to stay its ruling until the Supreme Court decided Flint and Jones, which were pending at the time of the CrR 7.8 motion. The court declined to do so, and relied on this court's opinions in State v. Madsen, 153 Wn.

credit the 438 days Holmes spent in prison to his outstanding community custody term. Based on that credit, when Holmes was released from prison on August 27, 2012, he had no remaining community custody to serve. The DOC appealed.

## DISCUSSION

### *Jurisdiction*

The DOC contends the court did not have either subject matter jurisdiction to grant the relief Holmes requested, or personal jurisdiction over the DOC, a nonparty under the criminal cause.

a. Subject Matter Jurisdiction

In State v. Madsen,[6] we addressed the same facts and procedural posture as in Holmes' case. There, the defendant filed a motion under CrR 7.8(b) in King County Superior Court, asserting the same 2007 statute violated the ex post facto clause.[7] The court agreed with the defendant and ordered the DOC to release him.[8] On appeal, the DOC made a similar jurisdictional argument to the one it now advances in Holmes' case, that the superior court lacked jurisdiction to consider the defendant's motion because under CrR 7.8, a superior court does not have "the power to grant post-conviction relief."[9] The DOC argued the defendant must seek such relief in a personal restraint petition under RAP 16.4(b) or via a habeas corpus proceeding.[10] In response

---

App. 471, 228 P.3d 24 (2009) and In re Personal Restraint of Knippling, 144 Wn. App. 639, 183 P.3d 365 (2008).

[6] 153 Wn. App. 471, 475, 228 P.3d 24 (2009), overruled on other grounds by Flint, 174 Wn.2d at 552.

[7] Id.

[8] Id.

[9] Id.

[10] Id.

to the DOC's jurisdictional argument, we reasoned that a motion in the superior court under CrR 7.8(b) is the "functional equivalent" of a personal restraint petition in the Court of Appeals.[11]

The superior court has subject matter jurisdiction to consider the merits of a CrR 7.8 motion, or to transfer it to this court for consideration as a personal restraint petition.[12] In State v. Robinson,[13] the Supreme Court noted that because of the similarity between the relief sought under CrR 7.8 and via a personal restraint petition, the superior court must exercise discretion in determining which motions to hear and which to transfer: "[T]he trial court may serve as an initial screener, much like the chief judge of the Court of Appeals would in a PRP, prior to either transferring the motion to the Court of Appeals or evaluating the merits of a motion."[14] The superior court had subject matter jurisdiction to either hear and decide the motion, or to transfer it. In other words, whether the superior court should have ruled on the merits or transferred the motion is not a matter of subject matter jurisdiction rendering the decision of the superior court void. Consistent with our opinion in Madsen, the superior court had subject matter jurisdiction to hear Holmes' CrR 7.8 motion.[15]

---

[11] Id.

[12] CrR 7.8(c)(2); RAP 16.1.

[13] 153 Wn.2d 689, 695-96, 107 P.3d 90 (2005).

[14] Id. at 696.

[15] The DOC relies on Conway v. Cranor, 37 Wn.2d 303, 304, 223 P.2d 452 (1950). That case stands for the simple proposition that superior courts have power to issue writs of habeas corpus "'on behalf of any person in actual custody in their respective counties.'" Id. at 304 (emphasis omitted) (quoting CONST. art. IV, § 6). Holmes did not file a writ of habeas corpus. The existence of subject matter jurisdiction in one context does not necessarily preclude it in another. Superior courts are courts of general jurisdiction. CONST. art. IV, § 6 ("The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."); see also Dress v. Wash. State Dep't. of

b. Personal Jurisdiction

DOC also contends the superior court lacked personal jurisdiction over it. DOC argues that because Holmes did not file a personal restraint petition, and instead filed the CrR 7.8 motion under the original criminal cause, DOC was not a party to the action. Although it appeared in this case, opposed Holmes' CrR 7.8 motion and appealed, the DOC nevertheless contends it lacked opportunity to adequately respond.[16]

DOC's argument is without merit. A party waives the claim of lack of personal jurisdiction by "consent[ing], expressly or impliedly, to the court's exercising jurisdiction."[17] DOC expressly consented to personal jurisdiction by filing a notice of appearance,[18] by opposing Holmes' CrR 7.8 motion on the merits, and by failing to raise lack of personal jurisdiction before the superior court.[19]

*Ex Post Facto Violation*

The DOC argues that even if the superior court did have jurisdiction to hear Holmes' motion, the court's decision on the merits must be vacated under Flint. The Supreme Court in Flint determined the 2007 statute was triggered based upon the date

---

Corrections, 168 Wn. App. 319, 331-32, 279 P.3d 875 (2012) ("the 'actual custody' requirement [of art. IV, § 6] is limited to '*writs of habeas corpus* on petition by or on behalf of any person in actual custody in their respective counties.'").

[16] At oral argument, the DOC stated its primary concern was the alleged risk that use of the CrR 7.8 procedure, in conjunction with widely varying local court rules, does not insure notice to the DOC, as the DOC is not a party to the criminal cause. But the DOC's concerns over lack of predictability and lack of uniformity are best addressed to the legislature or by pursuing a rule change rather than advancing strained arguments which distort the essence of subject matter and personal jurisdiction.

[17] In re Marriage of Steele, 90 Wn. App. 992, 997-98, 957 P.2d 247 (1998).

[18] The DOC does not contend that it filed a special notice of appearance asserting lack of personal jurisdiction.

[19] See Clerk's Papers at 53-58.

a defendant violated a community custody condition, not upon the date of the original offense.[20]

> We therefore conclude that RCW 9.94A.737(2) was not in fact applied retroactively to Mr. Flint. (1) The statute was triggered by an event postdating commission of his offenses, i.e., the statute was triggered when he was subject to a third community custody hearing, which resulted from violation of the conditions of community custody. (2) The statute did not interfere with any vested rights that Mr. Flint held. (3) It did not attach new consequences to events completed before its enactment, because punishment was essentially the same before and after the statute's enactment, both as to the original sentence and as to consequences for community custody violations.[21]

Although the date of Holmes' original offense pre-dated RCW 9.94A.737, at least three of his many violations of community custody conditions occurred after July 22, 2007, the effective date of the 2007 statute.[22] Thus, under the express reasoning in Flint, the DOC's termination of Holmes' early release under RCW 9.94A.737(2) did not apply retroactively to him.[23] We reverse the superior court's determination that an ex post facto violation occurred.

### Tolling of Community Custody

Finally, the DOC contends that under State v. Jones[24] and RCW 9.94A.171(3)(a), we must vacate the superior court's order that Holmes' confinement for community custody violations be credited toward his outstanding community custody term. The DOC argues that while Holmes was released from prison in August 2012 for the 2009 felony, Holmes must still serve community custody time on the 2003 felony.

---

[20] Flint, 174 Wn.2d at 551-52.

[21] Id.

[22] See Clerk's Papers at 33-35, 81.

[23] See Flint, 174 Wn.2d at 551-52.

[24] 172 Wn.2d at 245-49 (overruling In re Pers. Restraint of Knippling, 144 Wn. App. 639, 183 P.3d 365 (2008)).

The Washington Supreme Court in Jones held that an offender who has been confined longer than the original period of confinement (in that case, under a void sentence) is not entitled to credit the excess time in confinement toward an outstanding community custody term.[25] The court reasoned that allowing such a credit would eviscerate the community custody tolling statute, former RCW 9.94A.170(3) (1999), which provided that "any period of community custody, community placement, or community supervision shall be tolled during any period of time the offender is in confinement *for any reason*."[26] The court also reasoned that allowing such a credit would contravene the definition of "community custody" in former RCW 9.94A.030(4) as the time actually spent in the community:

> "[T]hat portion of an offender's sentence of confinement in lieu of earned release time or imposed pursuant to RCW 9.94A.120(5), (6), (7), (8), (10) or (11), or RCW 9.94A.383, served in the community subject to controls placed on the offender's movement and activities by the department of corrections."[27]

As the DOC recognizes, the tolling scheme is now different. The current tolling statute, RCW 9.94A.171(3)(a), requires, in certain circumstances, that credit be given for time spent in confinement. If an offender is "detained pursuant to RCW 9.94A.740 or 9.94A.631 for the period of time prior to the hearing or for confinement pursuant to sanctions imposed for violation of sentence conditions . . . the period of community custody shall not toll."[28] However, the tolling statute still provides that "sanctions that

---

[25] Id. at 245-46.

[26] Id. at 245-46.

[27] Id. at 244 (emphasis omitted) (quoting former RCW 9.94A.030(4)).

[28] RCW 9.94A.171(3)(a).

8

result in the *imposition of the remaining sentence or the original sentence* will continue to toll the period of community custody.[29]

The DOC imposed on Holmes the remainder of his original sentence, to be spent in confinement. The reasoning in <u>Jones</u> controls the outcome here. Allowing Holmes credit for his time spent in confinement would eviscerate the tolling statute.

We vacate the superior court's order that DOC credit Holmes' confinement toward his community custody obligation. We reverse and remand for a determination of Holmes' remaining community custody obligation.

WE CONCUR:

Becker, J.

---

[29] <u>Id.</u>

9