

2017 JAN -9 AM 9: 2

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73696-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TED J. GRIMES, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 9, 2017 |

SCHINDLER, J. — Representing himself pro se, Ted J. Grimes appeals the court order extending jurisdiction over restitution and legal financial obligations (LFOs) from the date of his release from prison in August 2005. Grimes argues the court may extend jurisdiction from only the date of his judgment and sentence in September 1999. Under the plain and unambiguous language of RCW 6.17.020(4), RCW 9.94A.753(4), and RCW 9.94A.760(4), the court has the authority to extend jurisdiction over an offender's restitution and LFOs from the date of his release from prison. We affirm.

FACTS

In 1998, the State charged Ted J. Grimes with eight counts of theft in the first degree and one count of theft in the second degree. The jury found Grimes guilty of seven counts of theft in the first degree and one count of theft in the second degree.

In September 1999,[1] the court sentenced Grimes to a concurrent 60-month exceptional sentence and ordered Grimes to pay restitution of $616,102 to the victims. Grimes appealed and we affirmed the judgment and sentence. State v. Grimes, 111 Wn. App. 544, 547-48, 46 P.3d 801 (2002). Grimes began serving his prison sentence in March 2003 and the Department of Corrections released Grimes from prison in August 2005.[2]

On August 17, 2009, the court entered an order extending jurisdiction over restitution payments and legal financial obligations (LFOs) from 2009 to 2019. The August 17, 2009 order states, in pertinent part:

> The court considered the Plaintiff's motion for an order extending jurisdiction over the legal financial obligations in the above criminal judgment for an additional ten years under RCW §6.17.020(4), 9.94A.753(4) and 9.94A.760(4).
> **ORDER**
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT jurisdiction over the criminal judgment is extended an additional ten-years from the date of this order, during which an execution may be issued for restitution, crime victim's assessment and other legal financial obligations imposed pursuant to the above-entitled cause number.

On June 5, 2015, the State filed a motion requesting the court modify the August 2009 order and extend jurisdiction over restitution and LFOs until 2025. The State argued the King County Superior Court Clerk's Office requested the 2009 order based on an erroneous assumption that jurisdiction over restitution and LFOs began on entry of the judgment and sentence in September 1999. The State argued that under RCW 6.17.020(4), the court's jurisdiction over restitution and LFOs began on the date the Department of Corrections released Grimes from prison in August 2005.

---

[1] Grimes does not provide documentation of his judgment and sentence in the record, but he states in his "Revised Brief of Appellant" that his "Judgment and Sentence is dated September 10, 1999."

[2] Grimes does not provide documentation of his release from prison in the record, but he states in his Revised Brief of Appellant that he "was released from total confinement on August 28, 2005."

Grimes opposed the motion to modify the August 2009 order arguing the court's jurisdiction over restitution and LFOs began upon entry of the judgment and sentence.

On June 15, 2015, the court entered an order modifying the August 17, 2009 order to extend jurisdiction over restitution and LFOs from 2015 to 2025. The order states, in pertinent part:

> IT IS HEREBY ORDERED AND DECREED THAT the court's August 17, 2009, order extending jurisdiction is modified to reflect that jurisdiction over the criminal judgment in the above case is extended an additional ten-years from the date of August 1, 2015. During the additional ten-year period an execution may be issued for restitution, crime victim's assessment, and other legal financial obligations imposed pursuant to the above-entitled cause number.

## ANALYSIS

Grimes appeals arguing the court did not have the authority to extend jurisdiction to enforce the restitution and LFOs imposed in the judgment and sentence.[3]

Interpretation of a statute is a question of law we review de novo. State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). Our fundamental goal in statutory interpretation is to ascertain and carry out the intent of the legislature. State v. Larson, 184 Wn.2d 843, 848, 365 P.3d 740 (2015). We look first to the plain language of the statute. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). In determining the plain meaning of a statute based on statutory language, we look at the context of the statute, related provisions, and the statutory scheme as a whole. State v. Jacobs, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). Statutes on the same subject must be read together to harmonize and give effect to the statutory scheme and maintain the

---

[3] This is the second appeal challenging the restitution order. In State v. Grimes, 190 Wn. App. 1004, 2015 WL 5346379, at *5, review denied, 185 Wn.2d 1011, 368 P.3d 171 (2016), we affirmed the order setting monthly restitution payments of $700. We rejected the argument that the court erred in considering state and federal pension benefits when calculating monthly restitution payments. Grimes, 2015 WL 5346379, at *4.

integrity of the respective statutes.  State v. Jones, 172 Wn.2d 236, 243, 257 P.3d 616 (2011).

Under the plain and unambiguous language of RCW 9.94A.753(4), the court has jurisdiction over restitution payments for a period of 10 years following an offender's release from total confinement.  Under RCW 9.94A.753(4), the court also has the authority to extend jurisdiction over restitution payments an additional 10 years.  RCW 9.94A.753(4) states, in pertinent part:

> [F]or an offense committed prior to July 1, 2000, the offender shall remain under the court's jurisdiction for a term of ten years following the offender's release from total confinement or ten years subsequent to the entry of the judgment and sentence, whichever period ends later.  Prior to the expiration of the initial ten-year period, the superior court may extend jurisdiction under the criminal judgment an additional ten years for payment of restitution.[4]

Similarly, the plain and unambiguous language of RCW 9.94A.760(4) states that the court has jurisdiction over LFOs for a period of 10 years following an offender's release from total confinement and that the court has the authority to extend jurisdiction over LFOs an additional 10 years.  RCW 9.94A.760(4) states, in pertinent part:

> [L]egal financial obligations for an offense committed prior to July 1, 2000, may be enforced at any time during the ten-year period following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period ends later.  Prior to the expiration of the initial ten-year period, the superior court may extend the criminal judgment an additional ten years for payment of legal financial obligations including crime victims' assessments.[5]

Relying on RCW 4.56.210, Grimes argues the court did not have the authority to extend jurisdiction over restitution and LFOs beyond September 2019.  RCW

---

[4] Emphasis added.
[5] Emphasis added.

4.56.210(1) states that except as provided in subsection (3), a judgment lien expires after 10 years from entry of the judgment. RCW 4.56.210(1) states:

> Except as provided in subsections (2) and (3) of this section, after the expiration of ten years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor. No suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien shall be extended or continued in force for any greater or longer period than ten years.

RCW 4.56.210(3) states, "A lien based upon an underlying judgment continues in force for an additional ten-year period if the period of execution for the underlying judgment is extended under RCW 6.17.020."

Under the plain and unambiguous language of RCW 6.17.020(4), the court has the authority to extend jurisdiction over restitution and LFOs under a criminal judgment and sentence any time within 10 years after entry of the judgment and sentence or 10 years following the offender's release from total confinement. RCW 6.17.020(4) states:

> A party who obtains a judgment or order for restitution, crime victims' assessment, or other court-ordered legal financial obligations pursuant to a criminal judgment and sentence, or the assignee or the current holder thereof, may execute, garnish, and/or have legal process issued upon the judgment or order any time within ten years subsequent to the entry of the judgment and sentence or ten years following the offender's release from total confinement as provided in chapter 9.94A RCW. The clerk of superior court, or a party designated by the clerk, may seek extension under subsection (3) of this section for purposes of collection as allowed under RCW 36.18.190, provided that no filing fee shall be required.[6]

Because the court extended jurisdiction over restitution and LFOs within 10 years following Grimes' release from prison in August 2005, the court did not err in extending jurisdiction over restitution and LFOs to 2025.

---

[6] Emphasis added.

5

Grimes also cites RCW 6.17.020(7) to argue the judgment and sentence is unenforceable 20 years after entry of the judgment and sentence. But RCW 6.17.020(7) does not apply to criminal cases. RCW 6.17.020(7) states:

> Except as ordered in RCW 4.16.020 (2) or (3), chapter 9.94A RCW, or chapter 13.40 RCW, no judgment is enforceable for a period exceeding twenty years from the date of entry in the originating court.[7]

We affirm.

WE CONCUR:

---

[7] Emphasis added.