IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36719-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GARY BRANDON AULT, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Gary Ault appeals his conviction for second degree escape, contending insufficient evidence supports the conviction. The State concedes error. We accept the concession, reverse, and remand for entry of an amended judgment on the lesser included offense of third degree escape.

## FACTS

A Spokane County Sheriff's Office deputy arrested Gary Ault for residential burglary and violation of a no-contact order on March 2, 2018. The deputy transported Ault to jail in a patrol vehicle. During the ride, Ault slipped one of his handcuffs off and when the deputy opened the vehicle door to retrieve Ault outside the jail entrance, Ault sprinted from the vehicle. Police rearrested him a half an hour later and booked him into jail.

The State of Washington charged Gary Ault with residential burglary, violation of a no-contact order, and second degree escape. With respect to the escape charge, the information charged Ault with "after having been charged with Residential Burglary, a felony, did knowingly escape from the custody of Law Enforcement Officer." Clerk's Papers (CP) at 5-6. Ault entered into a felony mental health court agreement, and the State dismissed the residential burglary and no-contact order violation charges. As part of the agreement, Ault stipulated to a bench trial based on the police reports on the remaining escape charge in the event he did not successfully complete the program within two years.

After being arrested on new charges, the mental health court terminated Gary Ault from participation in the court program. Following a bench trial, the trial court found Ault guilty of second degree escape. The court's findings of fact and conclusions of law noted that Ault was detained as the result of a lawful arrest for the felony residential burglary, and Ault knowingly escaped from the deputy's custody. The court imposed a low-end term of 51 months in prison based on his offender score of 13.

After Gary Ault appealed to this court, he filed a motion for accelerated review on the basis that he had already been incarcerated for longer than the law permits for a third degree escape conviction. We grant the motion for accelerated review.

2

ANALYSIS

On appeal, Gary Ault challenges the sufficiency of the evidence for the conviction of second degree escape. He observes that, at the time of his escape, he had been arrested for felony residential burglary, but had yet to be charged with the felony. According to Ault, one of the elements of second degree escape is having been charged with a felony. Ault concedes the evidence is sufficient to support a conviction for the lesser included offense of third degree escape. The State agrees, and so do we.

Due process requires the State to prove all elements of the crime beyond a reasonable doubt. *State v. Washington*, 135 Wn. App. 42, 48, 143 P.3d 606 (2006). Following a bench trial, we limit review to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law. *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005). We review the trial court's legal conclusions de novo. *State v. Gatewood*, 163 Wn.2d 534, 539, 182 P.3d 426 (2008).

RCW 9A.76.120(1) lists three alternate means of committing second degree escape, one means which is "[*h*]*aving been charged with a felony* or an equivalent juvenile offense, he or she knowingly escapes from custody." RCW 9A.76.120(1)(b) (emphasis added). RCW 9A.76.010(2) defines "custody" as "restraint pursuant to a lawful arrest or an order of a court." The parties agree that Gary Ault escaped from

custody, but that he had not been charged with a felony at the time of the escape. Accordingly, this court must consider the meaning of the phrase "charged with a felony."

When interpreting statutory text, the court's fundamental goal is to discern legislative intent. *In re Marriage of Schneider*, 173 Wn.2d 353, 363, 268 P.3d 215 (2011). When a statute does not define a term, courts will give the term "'its plain and ordinary meaning unless a contrary legislative intent is indicated.'" *State v. Jones*, 172 Wn.2d 236, 242, 257 P.3d 616 (2011) (quoting *Ravenscroft v. Washington Water Power Co.*, 136 Wn.2d 911, 920-21, 969 P.2d 75 (1998)). Generally, courts derive the plain meaning from context as well as related statutes. *State v. Barnes*, 189 Wn.2d 492, 495-96, 403 P.3d 72 (2017). The court's inquiry ends if the statute is unambiguous after reviewing its plain meaning. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010).

The statute does not define the term "charged." Accordingly, we look at the context of the statute and related statutes to determine the meaning of "charged" as used in RCW 9A.76.120(1)(b).

A Washington statute lists three methods for the charging of a felony: (i) by information filed by a prosecuting attorney, (ii) by indictment from a grand jury, or (iii) by process of court martial. RCW 10.37.015. Although police officers have authority to initiate criminal charges, their authority to charge a person is limited to misdemeanors. *See* CrRLJ 2.1(b)(1). In the event a police officer arrests someone for a

felony offense without a warrant, the person is entitled to a judicial determination of probable cause within 48 hours and release without conditions if 72 hours elapse without an information or indictment being filed. CrR 3.2.1(a), (f)(1). Accordingly, where police officers do not have statutory authority to charge someone for a felony offense, the plain language of RCW 9A.76.120(1)(b) requires that a person be "charged" by the filing of an information or an indictment from a grand jury prior to escaping custody. *See* RCW 10.37.015(1).

This interpretation of "charged with a felony," distinct from merely being arrested or detained, is consistent with the structure of the escape statutes, which define three degrees of escape. A person is guilty of first degree escape, a class B felony, if the person escapes after being convicted of a felony. RCW 9A.76.110. Second degree escape, a class C felony, occurs when a person escapes from a detention facility, has been charged with a felony prior to the escape, or has been committed under chapter 10.77 RCW. RCW 9A.76.120. Third degree escape, a misdemeanor, occurs when a person escapes from custody. RCW 9A.76.130. These three degrees of escape, with varying seriousness levels, reflect the legislature's intent to treat escape after being arrested or detained by police differently from escape after being formally charged by information or indictment.

Gary Ault's trial court did not find that he was "charged" with a felony offense. The court only found that Ault was "detained as the result of a lawful arrest for

5

Residential Burglary." CP at 62. As explained above, being arrested or detained for a felony offense is not synonymous with being "charged" with a felony offense. Accordingly, the court's findings do not support the conclusion of law that Ault committed second degree escape and the conviction must be vacated.

The trial court's findings and conclusions support a conviction for the lesser included offense of third degree escape. Under RCW 9A.76.130(1)(a), a person is guilty of third degree escape if he escapes from custody. The court found that Gary Ault escaped from custody. When the evidence is insufficient to support a conviction and the conviction is reversed, this court may remand for entry of an amended judgment on a lesser included offense. *State v. Hutchins*, 73 Wn. App. 211, 218, 868 P.2d 196 (1994). Third degree escape is a lesser included offense of second degree escape. *State v. Hendrix*, 109 Wn. App. 508, 515, 35 P.3d 1189 (2001). On remand, the trial court should enter an amended judgment on third degree escape and resentence Ault accordingly.

CONCLUSION

We reverse the second degree escape conviction, remand for entry of an amended judgment on the lesser included offense of third degree escape, and remand for resentencing.

6

No. 36719-3-III
*State v. Ault*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

7