IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | No. 87547-7-I |
| DWIGHT DURRELL MILNER, | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

PER CURIAM — Dwight Milner filed a personal restraint petition challenging the calculation of his earned release time credit (ERD) by the Department of Corrections. The Department filed a response indicating that this case is moot. We agree with the Department.

Milner was convicted of assault in the third degree in 2020. Milner received a sentence under the Drug Offender Sentencing Alternative (DOSA), RCW 9.94A.662, consisting of 19 months of confinement followed by 19 months of community custody. The trial court also imposed an additional 12 months of community custody should Milner's DOSA be revoked.

Milner was initially released from confinement on October 5, 2021. However, Milner violated his community custody conditions and his DOSA was revoked on February 7, 2023. Thereafter, Milner was twice released to community custody and twice ordered to return to confinement after violating his community custody conditions.

In August 2024, the Department notified Milner that it had calculated his ERD to be March 28, 2025. Milner disputed this calculation and filed a personal restraint petition

asserting that the Department had improperly calculated his ERD based on his entire 38-month sentence, rather than the 19-month community custody portion of his sentence.[1] Milner was released from the Department's custody sometime after April 8, 2025.

A personal restraint petition "is moot if a court can no longer provide effective relief." *In re Pers. Restraint of Stevens*, 191 Wn. App. 125, 133, 361 P.3d 252 (2015). Because this court cannot order the Department to recalculate Milner's ERD after he has already been released, we can no longer provide any effective relief. Milner argues otherwise, requesting that this court reduce the length of his remaining community custody by the time he alleges should have been credited to his ERD. However, our Supreme Court has explicitly held that any excess time served in confinement *cannot* be used to reduce the term of community custody. *State v. Jones*, 172 Wn.2d 236, 244, 257 P.3d 616 (2011).

Milner's personal restraint petition is moot. Accordingly, we dismiss his petition.[2]

FOR THE COURT:

_Mann, J._

_Coburn, J._

_____, ACJ

---

[1] Milner filed two motions for judicial notice, requesting that this court take notice of certain legal authority. Judicial notice is applicable to administrative facts, ER 201(a); it is not necessary that the court be directed to take notice of legal authority. Although we deny Milner's motions, we have considered the legal authority he provided.

[2] Milner's petition for a writ of mandamus requesting his release from confinement is similarly denied as moot.