# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60357-8-II |
| Respondent, | |
| v. | |
| STEPHEN ANTHONY SAURO, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Stephen Sauro appeals only the length of his exceptional sentence for vehicular assault. Sauro's conviction arose from an incident in which he drove his vehicle while intoxicated and collided with a cyclist. The trial court imposed a 24-month exceptional sentence based on the jury's finding that the victim's injuries substantially exceeded the level of bodily harm necessary to constitute substantial bodily harm. The court also imposed 18 months of community custody.

Sauro now has served his 24-month sentence and has been released from confinement. The State argues that the appeal is moot. However, Sauro argues that the appeal is not moot because he still is serving his term of community custody.

We hold that Sauro's appeal of the length of his sentence is moot even though he has a remaining term of community custody. Accordingly, we dismiss Sauro's appeal as moot.

FACTS

In July 2023, Sauro was driving on a road near Ridgefield when he collided with a bicycle. The State charged Sauro with vehicular assault by operating a vehicle while being under the influence of intoxicating liquor or any drug.

The cyclist suffered serious injuries, including a fracture of his left tibial plateau requiring two surgeries, a torn rotator cuff in his right shoulder requiring a surgery, an injury to his left shoulder and significant bruising in his hip and back, and blood clots in his leg following the shoulder surgery.

The jury found Sauro guilty of vehicular assault and also found by special interrogatory that the cyclist's injuries substantially exceeded the level of bodily harm necessary to constitute substantial bodily harm. Sauro faced a standard sentence range of six to 12 months. In April 2024, the trial court sentenced Sauro to 24 months in confinement based on the aggravating factor found by the jury plus 18 months of community custody. Sauro appeals only the length of his exceptional sentence.[1]

ANALYSIS

An issue is moot if we no longer can provide effective relief. *State v. Shreve*, 28 Wn. App. 2d 785, 789, 538 P.3d 958 (2023).

Sauro was sentenced to 24 months in confinement in April 2024. He now has completed that sentence and has been released from confinement. Therefore, we cannot grant any relief to Sauro regarding his 24-month sentence. But Sauro argues that his appeal is not moot because he still is serving his 18 month term of community custody, which is part of his sentence. We disagree.

---

[1] Sauro does not appeal the imposition of community custody.

In *State v. Jones*, the defendant was sentenced to 130 months in confinement plus 36 months of community custody. 172 Wn.2d 236, 239, 257 P.3d 616 (2011). After a successful personal restraint petition, the defendant was resentenced to 51 month plus 36 months of community custody. *Id.* By that time, he already had served 81 months in confinement. *Id.* The defendant argued that he should receive credit for the 30 months he spent incarcerated in excess of his sentence toward his 36 month community custody term. *Id.* at 240.

The Supreme Court rejected this argument, ruling that incarceration in excess of the offender's sentence cannot reduce a sentence of community custody. *Id.* at 242-49. The court stated, "Having been incarcerated during the excess time served on his sentence of incarceration, Jones necessarily was not *in the community* and thus cannot be deemed to have served his sentence of community custody." *Id.* at 244. Based on *Jones*, an appeal challenging a sentence is moot once an appellant has served their term of confinement even if they still are serving their term of community custody. *In re Pers. Restraint of McAninch*, 189 Wn. App. 619, 629, 358 P.3d 448 (2015).

We hold that Sauro's appeal is moot.

CONCLUSION

We dismiss Sauro's appeal as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

PRICE, A.C.J.

CRUSER, J.