# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52158-0-II |
| Appellant, | |
| v. | |
| NATHAN HUGHES, | UNPUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — The State appeals a superior court order granting Nathan Hughes's CrR 7.8(b) motion and ordering resentencing on his 1999 murder in the first degree conviction. Hughes was 14 years old at the time of the murder. The State contends Hughes's motion does not satisfy CrR 7.8(c)(2) and, therefore, should have been transferred to this court as a personal restraint petition (PRP). We affirm the superior court's order.

## FACTS

I.      BACKGROUND FACTS[1]

In 1999, 14-year-old Hughes robbed and murdered Ronald Kerr. Hughes was at a friend's home when Kerr approached the boys and asked to set traps on the land. Kerr was a longtime trapper. After devising a plan to rob and murder Kerr, Hughes and his friend lured Kerr into the home, fatally beat him for over 45 minutes and then stole his wallet, truck, and boat.

---

[1] The background facts derive from *State v. Hughes*, noted at 104 Wn. App. 1035, 2001 WL 88238, at *1 (2001).

The State charged Hughes with murder in the first degree. Following a bench trial, the trial court found Hughes guilty as charged. Hughes's standard sentence range was 240 to 320 months. The State recommended the court impose an exceptional sentence above the standard range based on the particular vulnerability of the victim and method and duration of the killing. The court agreed with the State's sentencing recommendation and imposed a 560-month exceptional sentence. Hughes appealed his sentence and we affirmed in an unpublished opinion. *See State v. Hughes*, noted at 104 Wn. App. 1035, 2001 WL 88238, at \*2 (2001).

II.     CrR 7.8(b) MOTION

In 2017, Hughes filed a CrR 7.8(b) motion with the superior court for resentencing based on recent changes in the law regarding sentences for juvenile offenders. Citing RCW 10.73.100(6), he argued that these recent changes amounted to a significant change in the law precluding the one-year time bar for bringing collateral attacks on a judgment. The State responded that the matter was time barred and should be transferred to this court as a PRP.

In a memorandum decision, the superior court found that there had been significant changes in the law since Hughes was sentenced, Hughes was unable to meaningfully argue his youth as a mitigating factor at the time of his original sentencing, and that he sufficiently demonstrated that the changes in law were material to his sentence. The court concluded the matter was timely, granted Hughes's motion, and ordered resentencing.

III.    COURT OF APPEALS PROCEEDINGS

The State appealed. We stayed the matter pending a decision by the Supreme Court in *In re Personal Restraint of Meippen*, 193 Wn.2d 310, 440 P.3d 978 (2019). We lifted the stay in December 2020. We also permitted the State to supplement the record with an Indeterminate

Sentencing Review Board (ISRB) decision, finding Hughes releasable. Hughes is currently released on parole.

## ANALYSIS

The State contends the superior court erred in granting Hughes's collateral CrR 7.8(b) motion and ordering resentencing. We disagree.

I. STANDARD OF REVIEW

When the superior court grants a CrR 7.8(b) motion to vacate and orders resentencing, the State has a right to direct appeal. *State v. Waller*, 197 Wn.2d 218, 224-25, 481 P.3d 515 (2021). We review a trial court's ruling on a CrR 7.8(b) motion for abuse of discretion. *State v. Crawford*, 164 Wn. App. 617, 621, 267 P.3d 365 (2011). A trial court abuses its discretion when its decision is based on untenable grounds or reasons. *Id.*

II. LEGAL PRINCIPLES

"On motion and upon such terms as are just, the court may relieve a party from a final judgment." CrR 7.8(b). A motion for relief under CrR 7.8(b) is subject to the time limit governing collateral attacks on sentences. Under CrR 7.8(c)(2), the superior court must transfer the motion to the court of appeals to be considered as a PRP, "unless the court determines that the motion is not barred by RCW 10.73.090" and, relevant to this appeal, "the defendant has made a substantial showing that he or she is entitled to relief."

We look to when Hughes's appeal mandated to determine timeliness. RCW 10.73.090(3)(b). His appeal mandated in 2001. He filed his CrR 7.8(b) motion in 2017. This is well over the one year limit. However, RCW 10.73.100(6) provides an exception to the time bar. A party may overcome the time bar if there has been a significant change in the law, that is material,

and that applies retroactively. RCW 10.73.100(6); *In re Pers. Restraint of Colbert*, 186 Wn.2d 614, 619, 380 P.3d 504 (2016).

III.     CrR 7.8(C)(2) TEST

A.     Timeliness

The State argues that Hughes's CrR 7.8(b) motion was untimely because it was not based on a significant change in the law, that was material, and that applied retroactively. We disagree.

Since the trial court originally sentenced Hughes in 1999, both federal and state courts have recognized that juveniles are constitutionally different than adults for sentencing purposes. *Miller v. Alabama*, 567 U.S. 460, 471, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012); *State v. Houston-Sconiers*, 188 Wn.2d 1, 23, 391 P.3d 409 (2017). In *Houston-Sconiers*, the court held that "sentencing courts must have complete discretion to consider mitigating circumstances associated with the youth of any juvenile defendant." 188 Wn.2d at 21.

Since the parties filed their opening briefs, our Supreme Court decided *In re Personal Restraint of Ali*, 196 Wn.2d 220, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754 (2021). There, the court held that "*Houston-Sconiers* satisfies RCW 10.73.100(6)'s exemption to the time bar: (1) it constitutes a significant change in the law (2) that is material . . . and (3) requires retroactive application" regarding juveniles sentenced in adult court. *Id*. at 242. The court held likewise in *In re Personal Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 266, 474 P.3d 524 (2020), *cert. denied*, 141 S. Ct. 1753 (2021).

Here, like in *Ali* and *Domingo-Cornelio*, the trial court sentenced Hughes in adult court to a lengthy sentence without the benefit of *Miller* or *Houston-Sconiers*. Relying on *Ali* and *Domingo-Cornelio*, we conclude that Hughes satisfies the first prong of the CrR 7.8(c)(2) test by

showing a significant change in the law, that is material, and that applies retroactively. The superior court properly concluded likewise.

B.     Substantial Showing of Entitlement to Collateral Relief

We next look to whether Hughes made "a substantial showing that he . . . is entitled to relief." CrR 7.8(c)(2). The State argues that because Hughes is released on parole under Washington's "*Miller* fix" statute, RCW 9.94A.730, he has another adequate remedy and, therefore, is not entitled to relief under CrR 7.8(b).

RCW 9.94A.730 allows juvenile offenders sentenced as adults to petition for early release after serving 20 years. RCW 9.94A.730 creates a means for the State to remedy a *Miller* violation by granting juvenile offenders parole eligibility. *State v. Scott*, 190 Wn.2d 586, 596-97, 416 P.3d 1182 (2018). But where the juvenile is not sentenced to a life sentence, "RCW 9.94A.730 . . . may be grossly inadequate." *Ali*, 196 Wn.2d at 246. "A statute that permits early release after 20 years of incarceration based on rehabilitation is not always an adequate remedy when a sentencing court fails to comply with the dual mandates of *Houston-Sconiers*, . . . [which are] for courts to consider youthfulness at sentencing and for courts to have absolute discretion to impose any sentence below the [the standard range under the Sentencing Reform Act of 1981], including as little as no prison time, for crimes committed by children." *Id*. Thus, RCW 9.94A.730 cannot provide an adequate remedy under all circumstances.

Unless the court meaningfully considers youth and knows it has absolute discretion to impose a lower sentence, we cannot be certain that the standard range imposed on Hughes was appropriate under *Houston-Sconiers*. Here, the State does not suggest that the sentencing court

considered the mitigating qualities of youth, nor does the State suggest that the court believed it had the discretion to impose a downward departure based on youth.[2]

We also note that while Hughes is currently released on parole, there are aspects of his release impacted by his 1999 sentence. *See, e.g., In re Pers. Restraint of Crowder*, 97 Wn. App. 598, 600, 985 P.2d 944 (1999) (addressing PRP even after the petitioner was released into community custody and noting that community custody is intense monitoring that is still in the nature of punishment).

Given all, the superior court properly concluded that Hughes made a substantial showing that he was entitled to relief.

C.      Transfer as PRP

The State argues the matter should have been transferred to this court as a PRP under CrR 7.8(c)(2). Based on our holding that Hughes's motion was timely and that he made a substantial showing that he is entitled to relief, we hold the superior court did not err in not transferring the matter to this court as a PRP.

IV.     THE SUPERIOR COURT DID NOT ERR IN GRANTING HUGHES'S CrR 7.8 MOTION

It is well established that the superior court has the authority under CrR 7.8(b) to vacate a judgment and order resentencing. *Waller*, 197 Wn.2d at 226. As discussed above, since the trial court sentenced Hughes in 1999, there have been significant changes in the law requiring courts to consider the mitigating circumstances of youth when sentencing juveniles adjudicated as adults. These changes provide tenable grounds for the superior court to order the trial court to resentence

---

[2] It is understandable that the State cannot produce such evidence. The state of the law in 1999 was such that sentencing courts did not consider youth, standing alone, as a mitigating factor that would provide a basis for an exceptional sentence below the standard range.

6

Hughes. Therefore, we hold that the superior court did not abuse its discretion in granting Hughes's CrR 7.8(b) motion and ordering resentencing.

CONCLUSION

Because the superior court properly concluded that Hughes's CrR 7.8(b) motion was not time barred and that he made a substantial showing that he was entitled to relief, the court did not err in deciding Hughes's motion without transferring the matter to this court as a PRP. Furthermore, based on recent changes to juvenile sentencing requirements, the court did not abuse its discretion in granting Hughes's CrR 7.8(b) motion and ordering resentencing.

We affirm the superior court's order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Glasgow, A.C.J.

_____
Cruser, J.

7